CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT** |
| THE LIGHT GROUP, LLC, a Nevada limited liability company; YSB NIGHTCLUB, LLC d/b/a Light Nightclub, a Nevada limited liability company; CLUB JUNGLE MANAGEMENT LLC, a Nevada limited liability company; CLUB JUNGLE PERFORMERS LLC, a Nevada limited liability company; MUSTAFA ABDI aka MOOSE DIESEL, an individual, | ) |
| Defendants. | ) |

Plaintiff, whose name has been withheld due to privacy concerns and fear of retaliation, hereby complains and alleges against Defendants as follows:

## IDENTIFICATION OF THE PARTIES

1.     Plaintiff Jane Doe is a Nevada resident.

2.     Defendant employer The Light Group, LLC ("Light Group") is a Nevada limited liability company with its principal place of business in Clark County, Nevada.  Light Group is a hospitality, entertainment, and management company that operates numerous nightclubs,

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222  •  Fax: 702.382.0540
www.campbellandwilliams.com

restaurants, and adult pools on the Las Vegas strip.  Light Group is owned and operated by Andrew Sasson ("Sasson"), Andy Masi ("Masi"), and the Morgans Hotel Group.  At all times relevant hereto, Light Group employed Plaintiff.

3.     Defendant employer YSB Nightclub, LLC d/b/a Light Nightclub ("YSB") is a Nevada limited liability company with its principal place of business in Clark County, Nevada. At all times relevant hereto, YSB employed Plaintiff.

4.     Defendant employer Club Jungle Management LLC ("Club Jungle Management") is a Nevada limited liability company with its principal place of business in Clark County, Nevada.  At all times relevant hereto, Club Jungle Management employed Plaintiff.

5.     Defendant employer Club Jungle Performers LLC ("Club Jungle Performers") is a Nevada limited liability company with its principal place of business in Clark County, Nevada. At all times relevant hereto, Club Jungle Performers employed Plaintiff.

6.     Defendant Mustafa Abdi ("Abdi") is a Nevada resident who is more commonly known by the moniker "Moose Diesel" and, according to the Las Vegas Sun, lives by the personal motto "it's time to get drunk and horny."  Abdi is the Vice-President of Entertainment for Light Group and was one of Plaintiff's immediate supervisors at Light Nightclub.  At all times relevant hereto, Abdi was acting within the course and scope of his employment as the Vice-President of Entertainment for the Defendant employers.

**JURISDICTION AND VENUE**

7.     This is a civil action seeking damages and all other legal and equitable remedies available under federal law for sexual harassment, discrimination, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended and codified in 42 U.S.C. § 2000e *et. seq.*, and the corresponding Nevada Revised Statutes § 613.330 *et. seq.*

8.     Jurisdiction of the action is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as well as § 706(f)(3) of Title VII, 42 U.S.C. § 2000-5(f)(3), and under NRS §

2

613.330 *et. seq.* This Court also has pendent jurisdiction over Plaintiff's state law tort claims pursuant to 18 USC § 1367.

## ADMINISTRATIVE EXHAUSTION

9.    On December 6, 2013, Plaintiff filed a Questionnaire and Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of the sexual harassment, discrimination, and hostile work environment described herein.

10.    On December 11, 2013, the EEOC issued a Notice of Right to Sue letter.

11.    Plaintiff has complied with all prerequisites for jurisdiction in this Court under Title VII including the requirement to file suit within 90 days of issuance of the Notice of Right to Sue letter.

## GENERAL ALLEGATIONS

12.    Light Group has a longstanding and well-known reputation in the Las Vegas nightclub industry as a hotbed of sexual harassment, discrimination, and mistreatment of its female employees.

13.    In that regard, Light Group and multiple managerial employees including Sasson and Masi were sued in 2011 by a former female employee for sexual harassment, discrimination, hostile work environment, and other intentional torts such as assault and battery. *See Jane Doe v. The Light Group, LLC*, United States District Court for the District of Nevada, Case No.: 2:11-CV-00286-RLH-GWF. The unsavory allegations made by this former employee only served to reinforce the sleazy reputation of Light Group, its owners, and managerial employees in the Las Vegas nightclub industry.

14.    Rather than seek to improve its image by stopping the rampant sexual harassment and discrimination in its venues, Light Group has instead sought to immunize its managerial employees from liability and lessen the monetary damage and negative publicity that results from litigation. Indeed, Light Group routinely requires its employees to execute unconscionable and

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

3

unenforceable legal documents without adequate consideration that seek to remove or waive their rights under state and federal law.

15.     In approximately November 2012, Light Group announced that it would open Light Nightclub at Mandalay Bay Hotel & Casino in collaboration with MGM and Cirque du Soleil.  Plaintiff applied for employment as a Table Hostess at Light Nightclub in approximately January 2013.   When Plaintiff expressed concerns during the interview process about Light Group's reputation for widespread sexual harassment and mistreatment of female employees, she was assured that Light Nightclub would be different due to the involvement of MGM and Cirque du Soleil.  Despite MGM's involvement in the initial hiring and orientation process, it eventually became clear that neither MGM nor Cirque du Soleil had any substantial involvement in the day-to-day operations of Light Nightclub.

16.     Plaintiff commenced her employment with Light Group in late March 2013 and started at Light Nightclub on April 26, 2013 when it opened to the public.  From the beginning of her employment, Plaintiff was instructed to consume alcohol and socialize with high-level employees including Sasson and Abdi while working at Light Nightclub and outside of the workplace.  These managerial employees likewise used drugs including cocaine, MDMA, and ecstasy while working and/or socializing at Light Nightclub.  Similarly, Plaintiff and her female co-workers were instructed by management to socialize, consume alcohol, and "party" with wealthy guests in and outside of the workplace.  This type of improper conduct resulted in a workplace atmosphere that bred sexual harassment, discrimination, and mistreatment of female employees.

17.     In that regard, Abdi would regularly hug Plaintiff and demand to be kissed on the mouth almost every day Plaintiff worked at Light Nightclub.  While Abdi frequently hugged and kissed other female employees in this manner, he took his sexual advances with Plaintiff to another level.  Indeed, Abdi would consistently make vulgar sexual remarks to Plaintiff and

attempt to initiate inappropriate sexual contact with Plaintiff. Abdi would likewise try to talk Plaintiff into socializing with him alone outside of the workplace where they could engage in sexual activity.

18.    For example, Plaintiff attended a Fourth of July party with numerous other employees of Light Nightclub where Abdi was also present. Abdi attempted to convince Plaintiff to travel with him, Sasson, and another female employee to Ibiza, Spain. Abdi's pursuit did not end there as he also jumped in the pool while Plaintiff was swimming, cornered her, and rubbed his genitals on her while asking her to "touch it." Plaintiff was eventually able to fend Abdi off and left the Fourth of July party in tears.

19.    Approximately two days later, Plaintiff was working at Daylight Beach Club when Abdi requested that Plaintiff speak privately with him. Abdi would sometimes request private discussions in this manner for legitimate purposes when he needed to give direction for work. On this occasion, however, Abdi pulled Plaintiff into a storage room adjacent to the stage and tried to kiss her and forced her to touch his genital area while telling her to come to Ibiza with him.

20.    On or about July 26, 2013, Abdi again forced Plaintiff to touch his genital area while she was working at Light Nightclub.

21.    The following day while Plaintiff was working at Light Nightclub, Abdi again pulled her aside to talk and led her into a hallway outside the nightclub. Abdi then unlocked the door to the "green room" that was used to accommodate DJs and other performers at the nightclub. After entering the room with Plaintiff, Abdi immediately locked the door, pushed Plaintiff against a wall and demanded that she kiss him. He made multiple vile and vulgar comments about sexual acts, pushed her onto a couch, and forcibly attempted to perform oral sex on her. After Plaintiff protested, Abdi stopped his non-consensual attack and allowed Plaintiff to leave the "green room" but not before he forced her to kiss him on the mouth again.

5

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222  •  Fax: 702.382.0540
www.campbellandwilliams.com

22.    On October 14, 2013, Abdi approached Plaintiff from behind while she was working at Light Nightclub and licked her neck while making lewd and lascivious comments. Before ceasing his repulsive and invasive advance, Abdi informed Plaintiff that "we better [expletive] before the end of the year," which Plaintiff felt was a clear message that Abdi would terminate her employment if she did not engage in sexual activity with him before the end of the year.

23.    Plaintiff never encouraged, welcomed or consented to the sexual harassment or lewd advances of Abdi.  Nevertheless, Plaintiff was precluded from complaining to other managerial employees or Human Resources about Abdi's advances due to fear of retaliation.  To be sure, female employees who did not participate in the "party" atmosphere or play along with the sexual advances of managerial employees would be given less hours, reassigned from more profitable sections of the nightclub such as the dance floor to less profitable areas like the mezzanine, or terminated from their employment altogether.  Conversely, female employees who engaged in sexual activity with managerial employees were rewarded with improved treatment including better hours and assignments to more profitable areas of the nightclub.

24.    Female employees of Light Group including Plaintiff were also instructed by their managers not to discuss the workplace atmosphere with outsiders.  For example, on or about August 22, 2013, Director of Operations for Light Group, John Pettei, held a meeting with the female employees including Plaintiff.  The purpose of this meeting was to instruct the female employees not to discuss events that happened in the workplace with those outside of Light Nightclub.  Pettei told the female employees to "shut their mouths" and specifically stated "what happens in the club stays in the club."  Pettei further informed the female employees that those who discussed the workplace environment would "ruin the fun for everyone."  Pettei likewise made a variety of derogatory comments about the female employees' weight in the form of instructions to "lay off the fried food" and ride a bicycle to work.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222   •   Fax: 702.382.0540
www.campbellandwilliams.com

25.     It was likewise accepted that any complaints to Human Resources would be futile because the members of that department including the Vice-President of Human Resources, Susie McDaniel, were more concerned with covering up the wrongful acts of high-level employees than remedying the pervasive sexual harassment and discrimination.

26.     Light Group and, more specifically, McDaniel, confirmed the company's sordid approach to addressing complaints of sexual harassment and illegal conduct by managerial employees once it was put on notice of Plaintiff's specific claims and factual allegations.[1] Indeed, managerial employees including Abdi spread rumors among the employees of Light Nightclub that Plaintiff had made false charges of sexual harassment and battery against Abdi. This behavior was designed to embarrass, humiliate, shame or otherwise render Plaintiff a pariah in the workplace.

27.     Then, on December 18, 2013, Light Group directed all employees of Light Nightclub including Plaintiff to attend a meeting at the Kumi Restaurant in Mandalay Bay Hotel & Casino. Multiple managerial employees including McDaniel and Pettei were in attendance and responsible for conducting the meeting. When Plaintiff entered the venue, McDaniel conspicuously pulled Plaintiff aside and informed her that she must leave because the meeting concerned her complaints of sexual harassment and other illegal behavior. McDaniel then humiliated Plaintiff by escorting her from the room in full view of her fellow employees as members of management spitefully waved at her. After this public shaming of Plaintiff, the aforementioned members of management brazenly intimidated and compelled the employees to execute questionnaires to the effect that they had never witnessed any act of drug use, forced consumption of alcohol, assault, sexual battery or harassment of any kind. Despite the

---

[1]     In the interest of avoiding litigation, Defendants' attorney requested and was given a draft of the instant complaint as well as a draft complaint for second female employee on December 13, 2013. Defendants then asked for, and received, multiple extensions of time to explore a good faith settlement of the claims before the complaints were filed.

C A M P B E L L  &  W I L L I A M S
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222   •   Fax: 702.382.0540
www.campbellandwilliams.com

representations by management that these questionnaires were "confidential," the employees of Light Nightclub were forced to print and sign their names so that any employees who told the truth could be subject to unlawful retaliation.

28.     Light Group has routinely used this method of gathering coerced statements from employees in response to previous complaints of misconduct and sexual harassment by managerial employees.  The conduct of Light Group and its Human Resources in this regard is at extreme variance with well-established and recognized human resource protocols and constituted an illegal employment action under state and federal law.

29.     As a result of the hostile work environment at Light Nightclub and Abdi's extreme sexual harassment, Plaintiff has suffered great pain of mind and body, severe and permanent emotional distress, embarrassment, loss of self-esteem, humiliation, and psychological injuries.

## FIRST CAUSE OF ACTION

### (Sexual Harassment and Discrimination Under Title VII and NRS § 613.330 – All Defendants)

30.     Plaintiff incorporates the allegations in the preceding and ensuing paragraphs as though fully set forth herein.

31.     Plaintiff is a woman and a member of a protected group or class, and is entitled to those protections outlined in Title VII.

32.     Plaintiff suffered unwelcome and offensive sexual advances from Abdi constituting sexual harassment and discrimination because she is a woman.

33.     The sexual harassment and discrimination suffered by Plaintiff was so frequent, severe, pervasive, threatening and humiliating that it altered the terms and conditions of her employment.

34.     Defendants knew or should have known of the sexual harassment and discrimination suffered by Plaintiff but failed to protect Plaintiff or take any remedial action.

35.     As a result of Abdi's wrongful conduct and Defendants' acquiescence thereto, Plaintiff suffered damages in an amount to be proven at trial.

36.     Defendants' actions were willful, malicious and oppressive, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial.

37.     Plaintiff has been forced to retain the services of attorneys to prosecute this action and is entitled to an award of reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Hostile Work Environment Under Title VII – All Defendants)

38.     Plaintiff incorporates the allegations in the preceding and ensuing paragraphs as though fully set forth herein.

39.     Plaintiff is a woman and a member of a protected group or class, and is entitled to those protections outlined in Title VII.

40.     Plaintiff suffered unwelcome and offensive sexual advances from Abdi constituting sexual harassment because she is a woman.

41.     The sexual harassment suffered by Plaintiff was so frequent, severe, pervasive, threatening and humiliating that it altered the conditions of her employment and created an abusive, intimidating, oppressive, and hostile work environment such that both Plaintiff and a reasonable, objective person in her position would perceive the abusive environment.

42.     Defendants knew or should have known of the hostile work environment that Plaintiff was subjected to but failed to protect Plaintiff or take any remedial action.

43.     Defendants likewise failed to adequately supervise, control, discipline, and penalize the wrongful conduct of its employees including Abdi.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222  •  Fax: 702.382.0540
www.campbellandwilliams.com

44.     Defendants also failed to take all reasonable and necessary steps to eliminate sexual harassment and discrimination from the workplace and prevent it from occurring in the future.

45.     As a result of Abdi's wrongful conduct and Defendants' acquiescence thereto, Plaintiff suffered damages in an amount to be proven at trial.

46.     Defendants' actions were willful, malicious and oppressive, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial.

47.     Plaintiff has been forced to retain the services of attorneys to prosecute this action and is entitled to an award of reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### (Unlawful Retaliation Under Title VII and NRS § 613.340 – All Defendants)

48.     Plaintiff incorporates the allegations in the preceding and ensuing paragraphs as though fully set forth herein.

49.     Title VII and NRS § 613.340 prohibit discrimination against an employee who engaged in protected activity by making a charge of an unlawful employment practice including sexual harassment and hostile work environment.

50.     Plaintiff engaged in protected activity by making a charge of discrimination with the EEOC and notifying Defendants of her intention to file the instant lawsuit alleging sexual harassment, hostile work environment and other intentional torts.

51.     As a direct and proximate cause of Plaintiff engaging in protected activity, Defendants discriminated and took adverse employment actions against Plaintiff by attempting to embarrass, humiliate, and shame her by spreading rumors with other employees of Light Nightclub that Plaintiff intended to bring a lawsuit for sexual harassment and hostile work environment.

52.     As a direct and proximate cause of Plaintiff engaging in protected activity, Defendants further discriminated and took adverse employment actions against Plaintiff by publicly humiliating, embarrassing, and shaming her during the December 18, 2013 meeting at Kumi Restaurant in Mandalay Bay Hotel and Casino.

53.     As a result of Defendants' wrongful conduct, Plaintiff suffered damages in an amount to be proven at trial.

54.     Defendants' actions were willful, malicious and oppressive, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial.

55.     Plaintiff has been forced to retain the services of attorneys to prosecute this action and is entitled to an award of reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Assault – All Defendants)

56.     Plaintiff incorporates the allegations in the preceding and ensuing paragraphs as though fully set forth herein.

57.     Abdi caused Plaintiff to feel apprehension of harmful or offensive contact to her person on numerous occasions during the course of her employment with Defendants.

58.     Abdi engaged in this wrongful conduct while acting in the course and scope of his employment with Defendants and accomplished his illegal purpose by virtue of his authority as an executive employee of Defendants.  In addition, Abdi acted under the Defendant employers' direct supervision, employ, and control when he committed the wrongful acts alleged herein.

59.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered damages in an amount to be determined at trial.

60.     Defendants' actions were willful, malicious and oppressive, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial.

61.     Plaintiff has been forced to retain the services of attorneys to prosecute this action and is entitled to an award of reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### (Battery – All Defendants)

62.     Plaintiff incorporates the allegations in the preceding and ensuing paragraphs as though fully set forth herein.

63.     On numerous occasions, Abdi made intentional, unlawful, and harmful contact with Plaintiff.

64.     Abdi engaged in this wrongful conduct while acting in the course and scope of his employment with Defendants and accomplished his illegal purpose by virtue of his authority as an executive employee of Defendants.  In addition, Abdi acted under the Defendant employers' direct supervision, employ, and control when he committed the wrongful acts alleged herein.

65.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered damages in an amount to be determined at trial.

66.     Defendants' actions were willful, malicious and oppressive, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial.

67.     Plaintiff has been forced to retain the services of attorneys to prosecute this action and is entitled to an award of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress – All Defendants)

68.     Plaintiff incorporates the allegations in the preceding and ensuing paragraphs as though fully set forth herein.

69.     Abdi's intentional conduct was extreme and outrageous and committed with the intention of, or reckless disregard for causing emotional distress to Plaintiff.

12

70.     Abdi engaged in this wrongful conduct while acting in the course and scope of his employment with Defendants and accomplished his illegal purpose by virtue of his authority as an executive employee of Defendants.  In addition, Abdi acted under the Defendant employers' direct supervision, employ, and control when he committed the wrongful acts alleged herein.

71.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered severe and extreme emotional distress, along with damages in an amount to be determined at trial.

72.     Defendants' actions were willful, malicious and oppressive, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial.

73.     Plaintiff has been forced to retain the services of attorneys to prosecute this action and is entitled to an award of reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For compensatory damages in an amount to be proven at trial;

2.     For punitive damages in an amount to be proven at trial;

3.     For pre-judgment and post-judgment interest, as allowed by law;

4.     For attorney fees and costs of suit incurred herein, as allowed by law, in an amount to be determined; and

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

13

5.      For such other and further relief as the Court may deem just and proper.

DATED this 23rd day of December, 2013.

                              CAMPBELL & WILLIAMS

                              By _____
                              DONALD J. CAMPBELL, ESQ. (1216)
                              PHILIP R. ERWIN, ESQ. (11563)
                              SAMUEL R. MIRKOVICH, ESQ. (11662)
                              700 South Seventh Street
                              Las Vegas, Nevada 89101

                              Attorneys for Plaintiff
                              Jane Doe