UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE DOE, an individual,<br>                             Plaintiff,<br><br>      v.<br><br>THE LIGHT GROUP, LLC, a Nevada limited liability company; CLUB JUNGLE MANAGEMENT LLC, a Nevada limited liability company; MUSTAFA ABDI aka MOOSE DIESEL, an individual,<br><br>                             Defendants. | Case No. 2:13-cv-2323-APG-PAL<br><br>**ORDER DENYING MOTION TO DISMISS OR TO COMPEL ARBITRATION**<br><br>(Dkt. #11) |

       Plaintiff contends that Defendants subjected her to sexual harassment and discrimination, that her work environment was hostile, that Defendants retaliated against her for filing a discrimination charge with the EEOC, and that she suffered assault, battery and intentional infliction of emotional distress. Before commencing work, Plaintiff signed an Employee Acknowledgment and Agreement (the "Agreement") that contains an arbitration provision. Defendants The Light Group, Club Jungle Management LLC (the "Company"), and Mustafa Abdi filed a motion to either dismiss this case or compel Plaintiff to arbitrate her dispute pursuant to the Agreement. First, I must determine whether the arbitration provision can be unilaterally altered by Plaintiff's employer. If so, the provision is unenforceable. Second, if it cannot be unilaterally altered, I must determine whether it is substantively and procedurally unconscionable.

       I find that the provision allows the Company to unilaterally alter the arbitration provision. Accordingly, it is unenforceable and the motion must be denied.

## ANALYSIS

       On April 3, 2013, Plaintiff signed the Agreement, which contains the following provision:

> both the Company and I agree that any claim, dispute and/or controversy ... that either I or the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) may have against the other ... arising from, related to, or having any relationship or connection

> whatsoever with my ... employment by, or other association with the company shall be submitted to and determined exclusively by binding arbitration under the Uniform Arbitration Act of 2000, in conformity with the procedures of the Nevada Revised Statutes §38.206 et seq.

(Dkt. #11-1 at 5.) The Agreement also contains the following:

> I understand that this handbook represents the current policies, regulations, and benefits, and that *except for employment at-will status and the Arbitration Agreement*, any and all policies or practices can be changed at any time by the Company. *The Company retains the right to add, change or delete* wages, benefits, policies and all other working conditions at any time (*except the policy of "at-will employment" and Arbitration Agreement, which may not be changed, altered, revised or modified without a writing signed by the Chief Executive Officer of the Company*). The Company reserves the right to manage, schedule, make decisions; and operate based on the best course of action for the company. Any and all policy, systems, and procedures may be changed or eliminated if the officers of the company feel it is of benefit to the company.

(*Id.*) (emphasis added).[1]

Plaintiff contends that this language gives the Company the unilateral right to change, alter, revise or modify the arbitration provision, so long as that change is signed by the CEO. (Dkt. #14 at 3:19–22.) Defendants contend that the language "simply means that those two policies [at-will employment and arbitration] cannot be changed (or waived) and be binding on the company without a writing signed by the CEO." (Dkt. #17 at 3:6–9.) Defendants argue that this language prohibits both unilateral changes by either party and bilateral changes not signed by the CEO.

Whether the arbitration provision can be unilaterally altered is a critical factor in its enforceability. "Most federal courts that have considered this issue have held that if a party retains the unilateral, unrestricted right to terminate the arbitration agreement, it is illusory and unenforceable, especially where there is no obligation to receive consent from, or even notify, the other parties to the contract." *In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 893 F. Supp. 2d 1058, 1065–66 (D. Nev. 2012) (numerous citations omitted).

---

[1] During the hearing on the motion, all parties agreed that this provision, if enforceable, applies to all of the Plaintiff's claims against all of the Defendants.

The subject provision is, at least, ambiguous. I initially read the provision the way Plaintiff interprets it: the Company can unilaterally change the arbitration provision. After reviewing Defendants' Reply brief (particularly pages 2–3), I re-read the provision the way Defendant posits. However, Defendant's interpretation requires a somewhat strained reading, while the more natural reading favors Plaintiff's position. "A contract is ambiguous when it is subject to more than one reasonable interpretation. Any ambiguity, moreover, should be construed against the drafter." *Anvui, LLC v. G.L. Dragon, LLC*, 123 Nev. 212, 215–16 (2007). The drafter here was the Company. To the extent the language is susceptible to more than one reasonable interpretation, it must be interpreted against the Company.

My conclusion is bolstered by the holding of the Tenth Circuit Court of Appeals in *Dumais v. American Golf Corp.*, 299 F.3d 1216 (10th Cir. 2002). There, the court reviewed a very similar (albeit not identical) arbitration provision. The court cited to the "well-accepted rule that ambiguities in contracts are construed against the drafter" (*Id.* at 1219), but noted that here it had a twist.

> In the unusual posture[2] of this case, the issue becomes whether we construe the ambiguity against the drafter generally or within the confines of the particular litigation before us. If construed generally against [the employer], the ambiguity would prohibit [it] from modifying the arbitration agreement. If we construe the ambiguity against [the employer] within the specific confines of this dispute, the ambiguity would permit modification of the arbitration agreement because such a construction would enable [the plaintiff] to avoid arbitration.
>
> The better course is to construe ambiguities against the drafter as dictated by the confines of the specific litigation before us. The contract at issue is a form contract effectively written by [the employer] without [plaintiff's] input or any negotiation with her. The power [the employer] enjoyed in constructing the [contract] in the manner it preferred justifiably includes the burden of the document's shortcomings in each instance. Accordingly, we interpret the ambiguity created by the [contract's] conflicting provisions as allowing [the employer] to change the arbitration provision at will.

*Id.*

---

[2] There, like here, the parties' respective positions "were unusual because they represent the opposite of what typically occurs." *Id.* at 1218–19. The employer was arguing that its power to modify the contract was more circumscribed, while the employee argued that the employer had increased power to modify it. "Typically, the roles would be reversed. . . ." *Id.* at 1219.

Defendants argue that parole evidence should be permitted to address any ambiguity. (Dkt. #17 at 4:1–18.) While that is often permitted, here I see no benefit from either taking parole evidence or conducting a hearing under 9 U.S.C. § 4. Defendants attached to their Reply brief the Affidavit of Mark Lefever, the COO and CFO of The Light Group, who "oversee[s] and review[s] the human resources department and the policies that are issued by the Company." (Dkt. #17-1 at 2:3-12.) He interprets the subject language as follows:

> The plain language and intended meaning of the . . . language . . . is that there are two specific policies (e.g. the at-will employment policy and the Arbitration Agreement) that are so fundamental to the Company, its operations and the terms and conditions of all employment with the Company that those policies can only be modified or altered and binding on the Company if there is a writing signed by the CEO of the Company. Other employment policies and practices may be changed, as warranted by circumstances, without a writing signed by the CEO. But these two fundamental policies cannot be changed by anyone except the CEO in a writing that is signed. I am not aware of any circumstance or situation that would warrant the Company wanting to alter its commitment to the arbitration of all employment disputes.

(*Id.* at 2:22–3:4.) Nothing in this interpretation negates the Company's power to unilaterally alter the arbitration provision, so long as the CEO makes the alteration in a signed writing. An employee ostensibly bound by this language could reasonably interpret this language as allowing the CEO to unilaterally alter the arbitration provision. I cannot see how taking additional parole evidence or conducting a hearing would help me interpret the arbitration provision.

For the foregoing reasons, I find that the Arbitration Agreement may be unilaterally modified by the Company, and is therefore unenforceable. Given that finding, I do not need to determine whether the provision is substantively or procedurally unconscionable.

IT IS HEREBY ORDERED that the Defendants' motion to dismiss or to compel arbitration (Dkt. #11) is DENIED.

Dated: May 1, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE