CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Plaintiff*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 ● Fax: 702.382.0540
www.campbellandwilliams.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, an individual, | )<br>) Case No.: 2:13-CV-02323-APG-PAL |
| Plaintiff, | )<br>) |
| vs. | )<br>) **STIPULATED PROTECTIVE**<br>) **ORDER** |
| THE LIGHT GROUP, LLC, a Nevada limited<br>liability company; YSB NIGHTCLUB, LLC d/b/a<br>Light Nightclub, a Nevada limited liability<br>company; CLUB JUNGLE MANAGEMENT LLC,<br>a Nevada limited liability company; CLUB<br>JUNGLE PERFORMERS LLC, a Nevada limited<br>liability company; MUSTAFA ABDI aka<br>MOOSE DIESEL, an individual, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause, IT IS

HEREBY ORDERED THAT:

1.      Scope of Protection

This Protective Order shall govern any record of information produced in this action and

designated pursuant to this Protective Order, including all designated deposition testimony, all

designated testimony taken at a hearing or other proceeding, all designated deposition exhibits,

interrogatory answers, admissions, documents and other discovery materials, whether produced

1

informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any state procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order. Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

2.   Definitions

(a)   The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, medical, or personal information designated as such by the producing party.

(b)   The term CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, (5) private, non-public information including but not limited to personnel records and individual

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 ● Fax: 702.382.0540
www.campbellandwilliams.com

financial information, or (6) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm. The mere fact that a party has designated materials as "CONFIDENTIAL – ATTORNEYS EYES ONLY" will not inhibit a party's ability to challenge that designation as provided in Section 8.

(c)     The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" information.

(d)     The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION. Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3.     Disclosure Agreements

(a)     Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A. Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail. No disclosures shall be made to a TECHNICAL ADVISOR for a period of five (5) business days after the disclosure agreement is provided to the other party.

(b)     Any disclosure agreement executed by any person affiliated with a party

3

shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

(c)   No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4.   <u>Designation of Information</u>

(a)   Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b)   Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY

4

(c)     During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d)     A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY either before the testimony is recorded, during the deposition as testimony is given, or within 10 days of receipt of the transcript.  If a party intends to publicly file portions of the transcript or otherwise make them available to the public before expiration of the 10-day period, the party intending to publicly file or otherwise make available portions of the transcript must, in good faith, notify opposing counsel and request an expedited review of the transcript.

(e)     A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY when such papers are served or sent.

(f)     A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(g)     A party that receives documents or information which it believes should be designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall notify the other parties of such designation within 10 days of receipt of the subject documents or information.  The receiving party shall likewise reproduce the subject documents or information to the other parties pursuant to the procedures set forth herein.

5

(h)     The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, rather than the entire document or deposition. For example, if a party claims that a document contains pricing information that is CONFIDENTIAL - ATTORNEYS EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as ATTORNEYS EYES ONLY, rather than the entire document.

(i)     In multi-party cases, Plaintiffs and/or Defendants shall further be able to designate documents as CONFIDENTIAL INFORMATION - NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION - NOT TO BE DISCLOSED TO OTHER DEFENDANTS for documents that shall not be disclosed to other parties.

5.     Disclosure and Use of Confidential Information

Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

6

In multi-party cases, documents designated as CONFIDENTIAL INFORMATION - NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION - NOT TO BE DISCLOSED TO OTHER DEFENDANTS shall not be disclosed to other plaintiffs and/or defendants.

6.    Qualified Recipients

For purposes of this Order, "Qualified Recipient" means

(a)    For CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY:

(1)    Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2)    The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

(3)    In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(4)    Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(5)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(6)    Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above; and

7

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

(7)     Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of the party producing such CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION -ATTORNEYS EYES ONLY in the ordinary course of such employee's employment.

(b)     FOR CONFIDENTIAL INFORMATION:

(1)     Those persons listed in paragraph 6(a);

(2)     Parties; and

(3)     Employees of the parties to the extent reasonably necessary to assist a party in establishing their claims or defenses.

7.      Use of Protected Information

(a)      In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b), and shall be treated accordingly.

(b)      All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

(c)      Documents, papers and transcripts filed with the court which contain any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY shall be filed in sealed envelopes and labeled accordingly.  In the event a party wishes to file materials which have been designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, the party must also file an appropriate motion or request with the Court to ensure that the materials are filed under seal and not available for public view.

(d)      To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e)      In the event that any question is asked at a deposition with respect to which a party

9

asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f)     Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY.

8.     Challenge to Designation

(a)     Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.  The foregoing notwithstanding, any challenge to the designation of a document must be made twenty-one (21) days before trial commences.

(b)     Notwithstanding anything set forth in paragraph 2(a) and (b) herein, any receiving party may disagree with the designation of any information received from the producing

party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation, stating the reasons in that request. The producing party shall then have five (5) business days from the date of receipt of the notification to:

(i)    advise the receiving parties whether or not it persists in such designation; and

(ii)   if it persists in the designation, to explain the reason for the particular designation.

(c)    The parties shall then meet and confer within ten (10) business days.  If after meeting and conferring in good faith, the parties are unable to agree upon the designation of the information, and the producing party declines to de-designate the designated information, the producing party may move the court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party in accordance with Fed. R. Civ. P. 26(c) or other applicable law. If no such motion is made within ten (10) business days of the date on which the parties meet and confer regarding the challenged information, the information will be de-designated to the category requested by the receiving party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(i)    the information in question has become available to the public

11

through no violation of this Order; or

 (ii) the information was known to any receiving party prior to its receipt from the producing party; or

 (iii) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

9. <u>Limitation</u>

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

10. <u>Production by Third Parties Pursuant to Subpoena</u>

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY. The parties agree that they will treat CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY produced by third parties according to the terms of this Order.

11. <u>Termination of Action</u>

Upon the termination of this Action, any party in receipt of materials which have been designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY shall return said materials to the party who produced them and destroy any copies.  Trial counsel may maintain a copy, but may not disseminate it in any manner. To the extent any summaries or descriptions of said materials may remain, the party in receipt of the designated materials shall continue to comply with the terms of this Order.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222  •  Fax: 702.382.0540
www.campbellandwilliams.com

12.   Jurisdiction to Enforce Standard Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

13.   Modification of Standard Protective Order

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

14.   Confidentiality of Party's own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Standard Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Standard Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

13

Respectfully submitted on this 6th day of June, 2014

CAMPBELL & WILLIAMS                    FISHER & PHILLIPS LLP


By /s/ *Philip R. Erwin*                By /s/ *Scott M. Mahoney*
    DONALD J. CAMPBELL, ESQ. (1216)         SCOTT M. MAHONEY, ESQ. (1099)
    PHILIP R. ERWIN, ESQ. (11563)           ANTHONY B. GOLDEN, ESQ. (9563)
    SAMUEL R. MIRKOVICH, ESQ. (11662)       3800 Howard Hughes Pkwy, Suite 950
    700 South Seventh Street                Las Vegas, NV 89169
    Las Vegas, Nevada 89101


    *Attorneys for Plaintiff Jane Doe*          *Attorneys for Defendants The Light Group LLC*
                                             *and Club Jungle Management LLC*


JACKSON LEWIS P.C.

By /s/ *Paul T. Trimmer*
    PAUL T. TRIMMER, ESQ. (9291)
    DANA L. HOWELL, ESQ. (11607)
    3800 Howard Hughes Pkwy., Suite 600
    Las Vegas, Nevada 89169


    *Attorneys for Defendant Mustafa Abdi*




**ORDER**

IT IS SO ORDERED.

Dated this 11th day of June, 2014.



_____
Peggy A. Leen
United States Magistrate Judge

14

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

CERTIFICATE OF KNOWLEDGE OF AND COMPLIANCE WITH PROTECTIVE ORDER

1.      I am familiar with and agree to be bound by the terms of the Stipulated Protective Order in the litigation styled *Doe v. The Light Group LLC et al.*, Case No.: 2:13-CV-02323-APG-PAL.

2.      I will only make such copies of or notes concerning documents designated "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY" as are necessary to enable me to render the assistance required in connection with this litigation.

3.      I will not reveal the contents of "Protected Information" to any unauthorized person.

4.      I will not use "Protected Information" material for any purpose other than the prosecution or defense of claims in this action.

Dated: _____

By:_____

Name: _____
              (Printed Name)

15