UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANE DOE, | Case No. 2:13-cv-02323-APG-PAL |
| Plaintiff, | **ORDER** |
| v. | (Mtn to Seal – Dkt. #69) |
| THE LIGHT GROUP, LLC, et al., | |
| Defendants. | |

This matter is before the court on Plaintiff Jane Doe's Conditional Motion to Seal Portions of Deposition Testimony Attached as Exhibit 1 to Her Opposition to Andrew Sasson's Motion for Protective Order (Dkt. #69) filed June 25, 2014. The court has considered the Motion.

On June 13, 2014, Andrew Sasson filed a Motion for Protective Order (Dkt. #57) seeking to prevent or limit his response to a subpoena duces tecum issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. On June 25, 2014, Plaintiff filed an Opposition (Dkt. #68) and the instant Motion to Seal. Plaintiff's Opposition included three pages of deposition transcript from Mr. Sasson's deposition that Defendant The Light Group designated as confidential. Rather than filing the deposition transcript as a sealed exhibit, Plaintiff submitted them to the court in a sealed envelope for in camera review. *See* Notice of In Camera Submission (Dkt. #70).[1]

---

[1] As the court advised the parties in its Order (Dkt. #54), parties seeking to file documents under seal must use the court's electronic filing procedures. *See* Order (Dkt. #54) at 1:15-27. Plaintiff should have filed her Opposition electronically under seal along with the contemporaneous Motion to Seal, and she should have filed a redacted version available in the public record.

1    The Motion represents that Plaintiff does not believe the portions of the deposition transcript it submitted in camera with the Opposition are confidential, but she filed this Motion in order to comply with her obligations under the parties' Stipulated Protective Order (Dkt. #53), which the court approved on June 11, 2014, in order to facilitate discovery exchanges in this case.

Plaintiff has not made a particularized showing of good cause to support sealing the documents. A party seeking to seal documents attached to non-dispositive motions must make a "particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). The court appreciates that the Motion to Seal was filed to comply with Plaintiff's obligation to treat documents designated by opposing counsel as confidential, but a statement that Defendant has designated the documents as confidential does not establish good cause for sealing the documents attached to a non-dispositive motion filed with the court.

For these reasons,

**IT IS ORDERED:**

1. Plaintiff's Motion to Seal (Dkt. #69) is DENIED WITHOUT PREJUDICE.
2. Plaintiff shall file her Opposition (Dkt. #68) under seal to comply with LR 10-5(b).
3. Defendant The Light Group shall have until **July 14, 2014,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing of good cause why the documents attached to Plaintiff's Opposition (Dkt. #68) should remain under seal.

/ / /

/ / /

/ / /

4. Upon filing the Opposition under seal, that filing shall remain under seal until July 14, 2014. If Defendant fails to timely comply with this order, the Clerk of the Court is directed to unseal the documents to make them available on the public docket.

Dated this 30th day of June, 2014.

                                              PEGGY A. LEEN
                                              UNITED STATES MAGISTRATE JUDGE