UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>    v.<br><br>THE LIGHT GROUP, LLC, et al.,<br><br>                Defendants. | Case No. 2:13-cv-02323-APG-PAL<br><br>**ORDER**<br><br>(Mtn to Seal – Dkt. #82) |

This matter is before the court on Plaintiff Jane Doe's Conditional Motion to Seal Portions of Deposition Testimony Attached as Exhibit 2 to Her Opposition to Defendant Mustafa Abdi's Motion to Quash or Modify Subpoenas (Dkt. #82). The court has considered the Motion.

On June 1, 2014, Defendant Mustafa Abdi filed a Motion for to Quash or Modify Subpoenas (Dkt. #78), seeking to prevent or limit non-party corporations' responses to subpoenas duces tecum issued pursuant to Rule 45 of the Federal Rules of Civil Procedure.[1] On June 25, 2014, Plaintiff filed an Opposition (Dkt. #81) and the instant Motion to Seal. Plaintiff's Opposition included references to Andrew Sasson's deposition testimony that Defendant The Light Group has designated as confidential under the parties' Stipulated Protective Order, which the court approved in an Order (Dkt. #53) entered June 11, 2014.

The Motion represents that Plaintiff does not believe the portions of the deposition transcript it submitted in camera with the Opposition are confidential, but she filed this Motion in order to comply with her obligations under the parties' Stipulated Protective Order (Dkt. #53),

---

[1] Plaintiff served subpoenas duces tecum on AT&T Mobility, T-Mobile, Bank of America, N.A., and American Express/Datamark. The subpoenas seek Defendant Abdi's phone records from AT&T and T-Mobile and seek financial records regarding Diesel Consulting, LLC, from Bank of America, N.A., and American Express/Datamark.

1 which the court approved on June 11, 2014, in order to facilitate discovery exchanges in this case.

Plaintiff has not made a particularized showing of good cause to support sealing the documents. A party seeking to seal documents attached to non-dispositive motions must make a "particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). The court appreciates that the Motion to Seal was filed to comply with Plaintiff's obligation to treat documents designated by opposing counsel as confidential, but a statement that Defendant has designated the documents as confidential does not establish good cause for sealing the documents attached to a non-dispositive motion filed with the court.

For these reasons,

**IT IS ORDERED:**

1. Plaintiff's Motion to Seal (Dkt. #82) is DENIED WITHOUT PREJUDICE.
2. Defendant The Light Group shall have until **July 22, 2014,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing of good cause why the documents attached to Plaintiff's Opposition (Dkt. #81) should remain under seal.
3. Plaintiff's sealed Opposition (Dkt. #87) shall remain under seal until July 22, 2014. If Defendant fails to timely comply with this order, the Clerk of the Court is directed to unseal the documents to make them available on the public docket.

Dated this 8th day of July, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE