UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE DOE, | Case No. 2:13-cv-02323-APG-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn to Seal – Dkt. #115) |
| THE LIGHT GROUP, et al., | |
| Defendants. | |

This matter is before the court on Plaintiff Jane Doe's Motion for Leave to File Exhibit No. 5 to the Reply in Support of Motion to Compel Deposition Testimony Under Seal (Dkt. #115) filed July 25, 2014.  The court has considered the Motion.

On July 1, 2014, Plaintiff filed a Motion to Compel Andrew Sasson and Mustafa Abdi to Answer Questions Propounded at Their Respective Depositions and for Sanctions (Dkt. #79). Defendants responded, and on July 25, 2014, Plaintiff filed a Reply (Dkt. #114).  Exhibit 5 to the Reply is a DVD that contains photographs and videos created by Defendant Mustafa Abdi and posted to his Facebook and Vine social media accounts.  The Motion to Seal represents that the videos depict third parties engaging in sexually explicit or promiscuous acts.  Additionally, the videos and photos depict third parties whose consent to public dissemination is not known.

Plaintiff has not made a particularized showing of good cause to support sealing the photographs and videos on the DVD.  A party seeking to seal documents attached to non-dispositive motions must make a "particularized showing under the good cause standard of Rule 26(c)."  *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).  Plaintiff must make the required particularized showing for each video and/or photograph on the DVD that she seeks to

1  seal by showing that "specific prejudice or harm will result.".  *See, e.g., San Jose Mercury News,*
2  *Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).."Broad allegations of harm,
3  unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test."
4  *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir., 2003) (citing *Beckman*
5  *Ind., Inc. v. Internat'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)).  Plaintiff has not asserted or
6  shown specific harm or prejudice that she expects will result from disclosure of any particular
7  video or photograph she seeks to seal.  She has not identified with any particularity which video
8  or photograph should be sealed, or what prejudice or harm will come from disclosure.  It appears
9  the motion to seal was filed because the documents were designated confidential. Plaintiff's
10 blanket statement about all of the photographs and videos is insufficient.

11 For these reasons,

12 **IT IS ORDERED:**

13     1.    Plaintiff's Motion to Seal (Dkt. #115) is DENIED WITHOUT PREJUDICE.

14     2.    Any party claiming the materials are confidential shall have until **August 20,**
15 **2014,** to file a memorandum of points and authorities and any supporting
16 declaration or affidavit to make a particularized showing of good cause why the
17 videos and photos on the DVD submitted as Exhibit 5 to her Reply (Dkt. #114)
18 should remain under seal.

19     3.    Exhibit 5 to the Reply (Dkt. #114) shall remain under seal until August 18, 2014.
20 If Plaintiff fails to timely comply with this Order, the Clerk of the Court is
21 directed make Exhibit 5 available on the public docket.

22 Dated this 6th day of August, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE